## SCHNAEDELBACH, et al. v STATE OF FLORIDA
Case Nos. 86-390-AC; 86-391-AC; and 86-392 AC (Consolidated)
(County Court Case No. 86-74786A, B, C)
Eleventh Judicial Circuit, Appellate Division, Dade County
September 18, 1987

### APPEARANCES OF COUNSEL
**Patrick C. Rastatter** for appellants.
**Ralph Barreira,** Assistant Attorney General, for appellee.
Before FEDER, FULLER, KORNBLUM, JJ.

## OPINION OF THE COURT

PER CURIAM.

The Defendants were originally charged by affidavit with a felony. Defendants' counsel responded to the charges filing appearances and written pleas of not guilty. The State later down filed the charges to a misdemeanor. Prior to trial counsel for the Defendants filed motions to discharge all Defendants based on the State's failure to bring them to trial within 90 days of their arrest. The motions were heard by the Honorable Robert M. Deehl and denied. All Defendants then entered nolo contendre pleas to the charges. This is an appeal of the denial of the Defendants' speedy trial motions to discharge.

The facts are as follows: on August 6, 196, the three Defendants, Peter Schnaedelbach, Raymond Bales and Anthony Armellino, were arrested by the police and charged with possession of marijuana, a felony. The three were then released after posting bond. After obtaining counsel, the Defendants entered written pleas of not guilty. These along with counsel's appearance were received and filed on August 20, 1986, under the Circuit Court case number 86-22609.

The State Attorney's Office decided to reduce the original charge to a misdemeanor. The State filed an information in the County Court on September 11, 1986. Counsel for the Defendants were notified by mail that arraignment was set for October 1, 1986. An order of transfer was placed in the court file indicating that the Circuit Court Case 86-22609 was now being processed under County Court Case No. 86-74768A, B, and C.

In the belief that their appearance was not required Defendants failed to appear at arraignment on October 1, 1986, whereupon the Court issued bench warrants for their arrest.

Upon notification of the arrest warrants being issued counsel for the Defendants contacted the Clerk of the Court whereupon the arrest warrants were withdrawn and a new arraignment date set. At this point counsel filed a second set of pleadings and following arraignment on October 22, 1986, trial was scheduled for November 26, 1986.

On November 26, 1986, counsel filed motions to discharge the Defendants based on the State's failure to bring them to trial within 90 days of their August 6, 1986 arrest. The trial court denied the motions finding that the Defendants were not continually available for trial. The Court based its decision on the non-appearance of the Defendants at the arraignment on October 1, 1986, finding that the filing of the first pleas did not relieve the Defendants from either appearing at arraign-

142

ment or filing new pleas to the misdemeanor charges and that their failure to appear for the arraignment demonstrated their unavailability for trial.

After their motions for discharge were denied all the Defendants entered pleas of nolo contendre to the charges, reserving their right to appeal the denial of their motions.

The question presented on appeal is whether the Defendants because of their failure to file a written plea or appear at the arraignment demonstrated that they were unavailable so as to toll the running of time under the rule.

It is not disputed nor argued by the State that 90 days elapsed between the arrest and the denial of the motion for discharge.

It is clear that Defendants were entitled to discharge unless the State had shown that the Defendants were unavailable for trial. Florida Rule of Criminal Procedure 3.191.

In support of the Court's denial of Defendants motion for discharge the State argues that the original pleadings filed were a legal nullity comparing this case to a situation in which an information is amended in some substantial way. In that instance a defendant is required to enter a new plea. This is not the case here however. In this case there was no amendment. It's not even clear from the record whether the misdemeanor information was ever served upon Defendants or if the Defendants were rearrested. On these facts it makes no sense to require the Defendants to replead to the misdemeanor information.

Since the State elected to file an information charging a misdemeanor instead of a felony, the effect was one continuous prosecution under the arrest affidavit beginning on August 6, 1986. Therefore, Defendants' original notices of appearances and pleas were sufficient and made an appearance at the October 1, 1986 arraignment unnecessary. Florida Rule of Criminal Procedure 3.160(a). The State has clearly failed in its burden to demonstrate Defendants unavailability for trial. *Black v. State,* 468 So.2d 457 (Fla. 3d DCA 1985).

Reversed and remanded with directions to discharge the Defendants.